Electronically FILED by Superior Court of California, County of Los Angeles on 12/19/2022 05:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
22STCV39358

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Thomas Long

1  Christian Contreras, Esq. (SBN 330269)
   *CC@Contreras-Law.com*
2  **THE LAW OFFICES OF CHRISTIAN CONTRERAS**
   **PROFESSIONAL LAW CORPORATION**
3  360 E. 2nd St., 8th Floor
   Los Angeles, California 90012
4  Phone Number: (323) 435-8000
   Fax Number: (323) 597-0101
5
   Attorney for Plaintiffs,
6  GONZALO GONZALEZ

7

              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
                   **FOR THE COUNTY OF LOS ANGELES**
9

10                                              22STCV39358
   GONZALO GONZALEZ, an individual,    )  CASE NO.
11                                      )
              Plaintiff,                )  **COMPLAINT FOR DAMAGES**
12                                      )
        v.                             )     1. Retaliation for Exercise of the
13                                      )        First Amendment
   CITY OF LOS ANGELES, a municipality; )        (42 USC § 1983)
14 SERGEANT LOPEZ, an individual;      )     2. Unreasonable Seizure
   OFFICER ADRIAN JESUS RODRIGUEZ      )        (42 USC § 1983)
15 (#43774), an individual; and SERGEANT )   3. Municipal Liability – Official
   ROLAND WARD (#30923), an individual; )       Policies, Customs, or Practices
16 and DOES 1 through 10, inclusive,   )        (42 USC § 1983)
                                        )     4. Municipal Liability - Failure to Train
17            Defendants.               )        (42 USC § 1983)
                                        )     5. False Arrest & Imprisonment
18                                      )     6. Negligence
                                        )     7. Bane Act Violation
19                                      )        (Cal. Civ. Code § 52.1)
                                        )
20 _____ )    **DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

                                        1
                         COMPLAINT FOR DAMAGES
                         **EXHIBIT 1 - PAGE 9**

<u>**JURISDICTION AND VENUE**</u>

1.    This case is properly filed in Los Angeles Superior Court, unlimited, as it is a civil action that seeks remedies under state and federal law for injuries suffered by Plaintiff in excess of $25,000.00.

2.    Personal jurisdiction and venue are proper in this Court because, at all relevant times, Defendants were located, operating, and/or residing within the City of Los Angeles, State of California, and all incidents, events, and occurrences giving rise to this action occurred in the city and state of the same.

3.    All state law causes of action are within six (6) months of Plaintiff's receipt of notice for the rejection of all antecedent claims lodged with the defendant CITY OF LOS ANGELES in compliance with the California Tort Claims Act (Cal. Gov. Code §§ 810-996.6).

<u>**PARTIES**</u>

4.    Plaintiff GONZALO GONZALEZ (hereinafter "GONZALEZ") is and was, at all relevant times, a resident of the defendant CITY OF LOS ANGELES, County of Los Angeles, State of California.

5.    Defendant CITY OF LOS ANGELES (hereinafter "CITY") is a municipality with the capacity to sue and be sued, located within the County of Los Angeles, State of California.

6.    At all relevant times, Defendants SERGEANT LOPEZ (hereinafter "LOPEZ"), OFFICER ADRIAN JESUS RODRIGUEZ (hereinafter "RODGRIGUEZ"), and SERGEANT ROLAND WARD (hereinafter "WARD") were individuals employed as police (hereinafter "OFFICERS," collectively) with the defendant CITY's Los Angeles Police Department (hereinafter "LAPD") and, upon information and belief, reside in the County of Los Angeles, State of California.

7.    Each of the defendants named herein has caused and is responsible for the unlawful conduct and resulting rights violations to Plaintiff GONZALEZ, either by personally participating in the conduct or acting jointly and in concert with those who did; by authorizing, acquiescing, or failing to take action to prevent or intervene in the unlawful

**COMPLAINT FOR DAMAGES**
**EXHIBIT 1 - PAGE 10**

1    conduct; by promulgating policies and procedures pursuant to which the unlawful conduct

2    occurred; by failing and refusing, with deliberate indifference to the rights and wellbeing of

3    Plaintiff and/or the public, to initiate and maintain adequate supervision and/or training of

4    said actors; and/or, by ratifying the unlawful conduct perpetrated by said actors, all of

5    whom were employees, officials, agents, etc., under their supervision, direction, and control.

6        8.    Whenever and wherever reference is made in this Complaint to any act by a

7    defendant, such allegation and reference shall also be deemed to mean the acts and failures

8    to act of each defendant individually, jointly, and severally. Accordingly, each of the

9    individual defendants is sued in their personal capacities for the harms caused by their acts

10   or omissions, while the defendant CITY OF LOS ANGELES is sued on account of their

11   liability for the unconstitutional policies, practices, customs, training failures, etc., that were

12   substantial moving forces behind the individual defendants' harmful conduct, and/or for

13   subsequent ratifications thereof.

14       9.    Plaintiff is ignorant of the true names and capacities of defendants sued herein

15   as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice

16   of their true names and capacities when ascertained. Plaintiff is informed and believes and

17   thereon alleges that defendant DOES are responsible in some manner for the damages and

18   injuries hereinafter complained of.

19       10.   Plaintiff is informed and believes and thereupon alleges that at all times

20   relevant herein defendants, including DOE defendants, and each of them, were the agents,

21   servants, couriers and employees of other defendants, and were acting in concert with each

22   other and in furtherance of a common goal and/or objective, were acting within the course

23   and scope of the agency and employment or ostensible agency and employment.

24       **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

25       11.   Plaintiff GONZALO GONZALEZ is a civil rights advocate who regularly

26   documents the activity of peace officers in the public's interest, what has come to be known

27   as "First Amendment auditing," colloquially. GONZALEZ is also known as "East Los

28   Audits" online, where he publishes his First Amendment activities and content.

12.     On the evening of November 28, 2021, at or near 7027 Lanewood Ave. in Los Angeles, California, GONZALEZ exercised his constitutional right to film public officials, in public spaces, during the performance of their official duties, and/or to document matters of public interest. Defendants LOPEZ, RODRIGUEZ (#43774), and WARD (#30923), were among the LAPD officers recorded by GONZALEZ that evening.

13.     Shortly after GONZALEZ began filming on his cellphone, Defendant LOPEZ pulled his patrol vehicle curbside, a few feet in front of where GONZALEZ had been standing. Defendant LOPEZ then reversed his patrol car in the direction of GONZALEZ, slowly at first, before suddenly accelerating and colliding with the car parked behind where GONZALEZ had been standing.

14.     Defendant LOPEZ exited his vehicle and approached GONZALEZ on the sidewalk where he proceeded to accuse GONZALEZ of causing the collision by distracting him. The truth, as documented on video, is that GONZALEZ had been calmly crossing around the two (2) vehicles, parked in tandem behind LOPEZ's vehicle, and onto the nearby sidewalk. Conversely, Defendant LOPEZ had been negligent, at best, and attempting to harm GONZALEZ, at worst, when he crashed his patrol vehicle. However, instead of taking accountability for his actions, Defendant LOPEZ attempted to pin his negligence on GONZALEZ.

15.     After a brief exchange in which Defendant LOPEZ unlawfully ordered GONZALEZ to stop filming multiple times, Defendant LOPEZ snatched GONZALEZ's phone from his hands, forcibly ending the video recording of their interaction.

16.     After summoning Defendants RODRIGUEZ (#43774) and WARD (#30923), who had witnessed the entire ordeal and ensuing dialogue, Defendant LOPEZ arrested or caused GONZALEZ to be arrested in apparent retaliation for recording LOPEZ and his collision.

17.     In their attempts to shield or conceal their conduct, Defendants LOPEZ, RODRIGUEZ (#43774), and ROLAND WARD (#30923), violated GONZALEZ's rights under the laws and Constitutions of the United States and California, showed considerable

4

1   negligence in the performance of their duties, and caused GONZALEZ to suffer severe
2   mental and emotional distress and reputational harm.

3       18.   Further, Defendants' acted with willful and conscious disregard for the safety
4   and rights of GONZALEZ and the public, subjected GONZALEZ to cruel and unjust
5   hardship in retaliation for his exercise of those rights, and intended to misrepresent and/or
6   conceal their own misconduct by doing so. Therefore, Defendants' actions were malicious,
7   oppressive, and fraudulent, entitling GONZALEZ to recover punitive damages in addition
8   to compensation for his physical, psychological, and emotional pain and suffering, in order
9   to punish and make example of Defendants' despicable conduct.

10                          **FIRST CAUSE OF ACTION**
11        **FOR RETALIATION AGAINST EXERCISE OF THE FIRST AMENDMENT**
12                              **(42 USC § 1983)**
13       **(By Plaintiff against Defendants SERGEANT LOPEZ, OFFICER ADRIAN JESUS**
14            **RODRIGUEZ (#43774), and SERGEANT ROLAND WARD (#30923))**

15      19.   Plaintiff realleges and incorporates by reference each of the forgoing
16   paragraphs in this Complaint with the same force and effect as if fully set forth herein.

17      20.   At all relevant times, Defendants LOPEZ, ADRIAN JESUS RODRIGUEZ, and
18   ROLAND WARD were acting within the course and scope of their employment as police
19   OFFICERS with the LAPD, under color of law.

20      21.   Under the First Amendment to the United States Constitution, GONZALEZ
21   has a cognizable right to film police OFFICERS in public setting during the performance of
22   their official duties. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018).
23   GONZALEZ caused no impediment to Defendants LOPEZ, RODRIGUEZ, and WARD in
24   his exercise of this right. Any impediment so claimed was of the defendant OFFICERS' own
25   creation and totally unnecessary.

26      22.   The defendant OFFICERS' conduct, i.e., intimidation, threats, arrests, would
27   undoubtedly chill a person of ordinary firmness from continuing to exercise their right to
28   film the police.

**COMPLAINT FOR DAMAGES**
**EXHIBIT 1 - PAGE 13**

23.    GONZALEZ's exercise of his right to film the police was a substantial motivating factor in the defendant OFFICERS' conduct, as no probable cause existed by which to alternatively explain or justify his arrest. Indeed, the pretextual offenses trumped up by Defendants LOPEZ, RODRIGUEZ, and WARD were dismissed or never pursued on account of their baselessness.

24.    Accordingly, Defendants LOPEZ, RODRIGUEZ, and WARD committed clearly established constitutional violations, which were or reasonably should have been well-known by peace officers in their same position, and substantially caused GONZALEZ to needlessly suffer severe psychological and emotional distress and reputational harm as a result.

25.    Additionally, Plaintiff GONZALEZ is informed and thereon alleges that even if some sort of probable cause can be articulated by Defendants LOPEZ, RODRIGUEZ, and WARD for the subject arrest, such arrest was still in violation of Plaintiff GONZALEZ's First Amendment rights pursuant to *See Nieves v. Bartlett,* 139 S. Ct. 1715 (2019). Indeed, when officers such as Defendants LOPEZ, RODRIGUEZ, and WARD have probable cause to make arrests, but typically exercise their discretion not to do so, such arrest can violate the First Amendment. Clearly, if an individual, such as Plaintiff GONZALEZ, who has been vocally complaining about police conduct is arrested for, it would seem insufficiently protective of First Amendment rights to dismiss the individual's retaliatory arrest claim on the ground that there was undoubted probable cause for the arrest."

26.    Plaintiff GONZALEZ is informed and thereon alleges that he was arrested when two other individuals, one of which who was also filming, and were otherwise similarly situated to Plaintiff GONZALEZ who were in the same sort of protected speech, had not been arrest nor even detained by Defendants LOPEZ, RODRIGUEZ, and WARD.

27.    As a direct and proximate result of Defendants' conduct, Plaintiff GONZALEZ was injured.

28.    Accordingly, Plaintiff by this action, further claims all of his attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting

**COMPLAINT FOR DAMAGES**
**EXHIBIT 1 - PAGE 14**

1    this action under 42 U.S.C. Section 1988.

2        29.    Further, Defendants' acted with willful and conscious disregard for the rights

3    and wellbeing of GONZALEZ and the public, subjected GONZALEZ to cruel and unjust

4    hardship in retaliation for his exercise of those rights, and intended to misrepresent and/or

5    conceal their own misconduct by doing so. Therefore, Defendants' actions were malicious,

6    oppressive, and fraudulent, entitling GONZALEZ to recover punitive damages in addition

7    to compensation for his physical, psychological, and emotional pain and suffering, in order

8    to punish and make example of Defendants' despicable conduct.

9                  **SECOND CAUSE OF ACTION**

10                  **FOR UNREASONABLE SEIZURE**

11                    **(42 U.S.C. § 1983)**

12    **(By Plaintiff against Defendants SERGEANT LOPEZ, OFFICER ADRIAN JESUS**

13       **RODRIGUEZ (#43774), and SERGEANT ROLAND WARD (#30923))**

14        30.    Plaintiff realleges and incorporates by reference each of the forgoing

15    paragraphs in this Complaint with the same force and effect as if fully set forth herein.

16        31.    At all relevant times, Defendants LOPEZ, RODRIGUEZ, and WARD were

17    acting within the course and scope of their employment as police OFFICERS with the LAPD,

18    under color of law.

19        32.    Defendants LOPEZ, RODRIGUEZ, and WARD unreasonably seized

20    GONZALEZ's person and property, intentionally and by means of physical force, when

21    they confiscated his phone, detained, and arrested GONZALEZ in retaliation for his exercise

22    of rights protected under the First Amendment to the United States Constitution, among

23    others.

24        33.    As previously stated, under the totality of the circumstances, no probable

25    cause existed for the defendant OFFICERS to arrest GONZALEZ. Indeed, the pretextual

26    offenses trumped up by Defendants LOPEZ, RODRIGUEZ, and WARD were favorably

27    dismissed or never pursued on account of their baselessness. The only adequate explanation

28    available for the choice to arrest GONZALEZ is that the defendant OFFICERS intended to

COMPLAINT FOR DAMAGES
**EXHIBIT 1 - PAGE 15**

1    interrupt and deter the exercise of his right to film them, in disdain or embarrassment of

2    their own negligence and/or incompetence.

3        34.    Accordingly, Defendants LOPEZ, RODRIGUEZ, and WARD committed

4    clearly established constitutional violations, which were or reasonably should have been

5    well-known by peace officers in their same position, and substantially caused GONZALEZ

6    to needlessly suffer severe psychological and emotional distress and reputational harm as a

7    result.

8        35.    Accordingly, Plaintiff by this action, further claims all of his attorneys' fees

9    and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting

10   this action under 42 U.S.C. Section 1988.

11       36.    Further, Defendants' acted with willful and conscious disregard for the rights

12   and wellbeing of GONZALEZ and the public, subjected GONZALEZ to cruel and unjust

13   hardship in retaliation for his exercise of those rights, and intended to misrepresent and/or

14   conceal their own misconduct by doing so. Therefore, Defendants' actions were malicious,

15   oppressive, and fraudulent, entitling GONZALEZ to recover punitive damages in addition

16   to compensation for his physical, psychological, and emotional pain and suffering, in order

17   to punish and make example of Defendants' despicable conduct.

18                              **THIRD CAUSE OF ACTION**

19   **FOR MUNICIPAL LIABILITY – OFFICIAL POLICIES, CUSTOMS, OR PRACTICES**

20                                **(42 U.S.C. § 1983)**

21              **(By Plaintiff against Defendants CITY OF LOS ANGELES)**

22       37.    Plaintiff realleges and incorporates by reference each of the forgoing

23   paragraphs of this Complaint with the same force and effect as if fully set forth herein.

24       38.    The present cause of action is brought pursuant to 42 U.S.C. § 1983, *Monell v.*

25   *Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant

26   CITY and its LAPD are liable by way of the established policies, customs, and/or practices

27   which served as substantial moving forces behind constitutional rights violations

28   perpetrated by their employees, agents, officers, and/or representatives.

39.   At all relevant times, Defendants LOPEZ, RODRIGUEZ, and WARD were acting within the course and scope of their employment as officers with the LAPD, under color of law.

40.   The Defendant CITY OF LOS ANGELES and its LAPD, acting with deliberate indifference to the rights and liberties of the public in general, and of the present plaintiff, GONZALO GONZALEZ, and of persons in Plaintiff's class, situation, and comparable position, knowingly maintained, enforced, and/or adopted policies, customs, and/or practices of:

A. Permitting police officers to interfere with members of the public, such as Plaintiff, from documenting interactions with members of the public and the police department;

B. Failing to train officers to understand and follow the clear distinction between objectively reasonable and deadly force standards of Subsections (b) and (c)(1) of PC 835a;

C. Allowing LAPD officers to pretextually arrest civilians engaged in the exercise of constitutional rights as a means of interrupting such exercises;

D. Allowing LAPD officers to wield their authority to detain and/or arrest civilians arbitrarily and capriciously, seizing civilians out of personal spite or disdain;

E. Employing and retaining LAPD officers and other personnel, including the defendant OFFICERS, whom Defendants CITY knew or reasonably should have discovered to have propensities for abusing their authority, mistreating civilians, and failing to follow established agency policies respecting the rights of the public and interactions with civilians;

F. Inadequately supervising, training, controlling, assigning, and disciplining LAPD employees, including the defendant OFFICERS, whom Defendants CITY knew or, in the exercise of due care, should have known to be perpetrators of unlawful and/or unconstitutional conduct, or allowing such misconduct to go totally unaddressed altogether;

G. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling intentional misconduct by LAPD employees, including the defendant OFFICERS;

H. Consistently ratifying the intentional misconduct of LAPD employees in public statements and/or subsequent internal "investigations," thereby cultivating a sense of official impunity within the LAPD encouraging of such misconduct;

I. Encouraging, accommodating, or facilitating a "code of silence" among LAPD employees, pursuant to which false reports are generated and abuses of power are routinely covered up;

J. Transferring, moving, and/or relocating problem officers to other stations, divisions, positions, and/or to other local municipal agencies altogether, to essentially "bury," ignore, dilute, hide, spread, etc., these problem actors, along with their incidents of misconduct, to other assignments, evading internal, disciplinary, and other investigations;

K. Allowing mistreatment against suspects, inmates, or defendants in custody, in order for an officer to gain membership and/or status in one of the various gang-like, renegade cliques that exist within the LAPD, as well as participating in and/or perpetuating the acknowledgement, allure, and attainment of such membership and notoriety;

L. Allowing law enforcement personnel to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence" or "blue code" regarding these unconstitutional abuses, in order to insulate the law enforcement from accountability, attract and recruit problematic individuals to law enforcement, and improperly or expeditiously promote problem actors into positions of authority within law enforcement, among various other abuses of power and breaches of duty not specified.

41.     By reason of the forgoing policies, customs, and/or practices, GONZALEZ was subjected to severe psychological and emotional distress, as outlined in the foregoing causes

10

1  of action brought under 42 USC § 1983.

2       42.    These expressly adopted policies or widespread, well-known, and

3  longstanding practices/customs constitute standard operating procedures of Defendant

4  CITY's LAPD, which has resulted in considerable uses of unreasonable and excessive force

5  against members of the general public, inmates, suspects, and defendant detainees, not least

6  of which resemble those suffered by GONZALEZ.

7       43.    Defendants CITY and its LAPD, along with various other supervisory officials

8  in their personal capacities, whether named or unnamed had either actual or constructive

9  knowledge of the unconstitutional policies, practices, and/or customs alleged in the

10  paragraphs above. Despite this knowledge, said Defendants, as or through officials with

11  final policymaking authority, did condone, tolerate, and ratify such policies, customs,

12  and/or practices, and have, likewise, acted with deliberate indifference to the foreseeable

13  effects and consequences of these policies with respect to the civil rights and wellbeing of

14  GONZALEZ, other individuals similarly situated, and the public at large.

15       44.    Accordingly, the policies, practices, and/or customs implemented,

16  maintained, and/or still tolerated by Defendant CITY and final policymakers thereof, were

17  so closely connected to the harms suffered by GONZALEZ as to have been a substantial

18  moving force behind them; that is, Defendants CITY are inextricably liable to GONZALEZ

19  for the unconstitutional acts and omissions of the individual defendant OFFICERS that

20  precipitated those harms, as set forth herein.

21                 **FOURTH CAUSE OF ACTION**

22          **FOR MUNICIPAL LIABILITY – FAILURE TO TRAIN**

23                 **(42 USC § 1983)**

24        **(By Plaintiff against Defendants CITY OF LOS ANGELES)**

25       45.    Plaintiff realleges and incorporates by reference each of the forgoing

26  paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27       46.    The present cause of action is brought pursuant to 42 U.S.C. § 1983, *Monell v.*

28  *Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant

1    CITY and its LAPD are liable by way of the training and supervisory failures that were a

2    substantial moving force behind the constitutional rights violations perpetrated by their

3    employees, agents, officers, and/or representatives.

4         47.    At all relevant times, Defendants LOPEZ, RODRIGUEZ, and WARD were

5    acting within the course and scope of their employment as officers with the LAPD, under

6    color of law.

7         48.    Plaintiff GONZALEZ claims that he suffered the constitutional violations

8    alleged herein as a result of the referenced failures of Defendants CITY to adequately train

9    LAPD personnel, including but not limited to the defendant OFFICERS.

10        49.    The training of the defendant OFFICERS by the LAPD did not adequately

11   instill the necessary discipline, restraint, competence, and respect for civil rights required of

12   armed law enforcement personnel. In particular, the training of the defendant OFFICERS in

13   the protections and requirements of the First and Fourth amendments to the United States

14   Constitution is manifestly inadequate.

15        50.    The critical need for discipline, restraint, and competence on the part of law

16   enforcement was and is, or reasonably should have been, well-known to Defendants CITY

17   at this point. The modern proliferation of public attention paid to rights violations by law

18   enforcement has rendered the consequences of such training inadequacies unignorable. In

19   fact, the burgeoning cultural phenomenon of "First Amendment auditing" in which

20   GONZALEZ was engaged when he was wrongfully arrested, has developed and for this

21   very reason, in direct response to misconduct and incompetence like that shown by the

22   defendant OFFICERS in this case.

23        51.    More particularly, Defendant CITY failed to provide adequate training to

24   defendant OFFICERS and other officers within the department in the following regards:

25        A. Permitting police officers to interfere with members of the public, such as

26           Plaintiff, from documenting interactions with members of the public and the

27           police department;

28        B. Failing to train officers to understand and follow the clear distinction between

12

1    objectively reasonable and deadly force standards of Subsections (b) and (c)(1) of

2    PC 835a;

3    C. Allowing LAPD officers to pretextually arrest civilians engaged in the exercise of

4    constitutional rights as a means of interrupting such exercises;

5    D. Allowing LAPD officers to wield their authority to detain and/or arrest civilians

6    arbitrarily and capriciously, seizing civilians out of personal spite or disdain;

7    E. Employing and retaining LAPD officers and other personnel, including the

8    defendant OFFICERS, whom Defendants CITY knew or reasonably should have

9    discovered to have propensities for abusing their authority, mistreating civilians,

10    and failing to follow established agency policies respecting the rights of the public

11    and interactions with civilians;

12    F. Inadequately supervising, training, controlling, assigning, and disciplining LAPD

13    employees, including the defendant OFFICERS, whom Defendants CITY knew

14    or, in the exercise of due care, should have known to be perpetrators of unlawful

15    and/or unconstitutional conduct, or allowing such misconduct to go totally

16    unaddressed altogether;

17    G. Maintaining grossly inadequate procedures for reporting, supervising,

18    investigating, reviewing, disciplining, and controlling intentional misconduct by

19    LAPD employees, including the defendant OFFICERS;

20    H. Consistently ratifying the intentional misconduct of LAPD employees in public

21    statements and/or subsequent internal "investigations," thereby cultivating a

22    sense of official impunity within the LAPD encouraging of such misconduct;

23    I. Encouraging, accommodating, or facilitating a "code of silence" among LAPD

24    employees, pursuant to which false reports are generated and abuses of power

25    are routinely covered up;

26    J. Transferring, moving, and/or relocating problem officers to other stations,

27    divisions, positions, and/or to other local municipal agencies altogether, to

28    essentially "bury," ignore, dilute, hide, spread, etc., these problem actors, along

13

**COMPLAINT FOR DAMAGES**
**EXHIBIT 1 - PAGE 21**

with their incidents of misconduct, to other assignments, evading internal, disciplinary, and other investigations;

K.  Allowing mistreatment against suspects, inmates, or defendants in custody, in order for an officer to gain membership and/or status in one of the various gang-like, renegade cliques that exist within the LAPD, as well as participating in and/or perpetuating the acknowledgement, allure, and attainment of such membership and notoriety;

L.  Allowing law enforcement personnel to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence" or "blue code" regarding these unconstitutional abuses, in order to insulate the law enforcement from accountability, attract and recruit problematic individuals to law enforcement, and improperly or expeditiously promote problem actors into positions of authority within law enforcement, among various other abuses of power and breaches of duty not specified.

52.   Despite the resounding need for improved or further training, both in general and with respect to the defendant OFFICERS in particular, Defendants CITY have allowed, if not affirmatively encouraged, a culture of deliberate indifference to the rights and wellbeing of the public to develop within the LAPD, thereby causing the present plaintiff and countless others like him to suffer irreversible violations of their civil rights, including but not limited to the freedom from unreasonable seizure, malicious prosecution, and interference/retaliation in the exercise of their civil rights.

53.   On account of the forgoing realities, Defendants CITY have, themselves, shown deliberate indifference to the obvious systemic consequences to the referenced training failures and other departmental shortcomings. These training failures directly produced the particular incompetence and impropriety of the defendant OFFICERS by which GONZALEZ's civil rights were violated; that is, the training failures of the LAPD are so inextricable from the violations in question as to have been a substantial moving force behind them.

54.     Accordingly, Defendants CITY are liable to the present GONZALEZ for the substantial role they played, as a public entity or in a personal capacity, respectively, in precipitating the unconstitutional acts and omissions of the defendant OFFICERS, as set forth herein.

**FIFTH CAUSE OF ACTION**

**FOR FALSE ARREST & IMPRISONEMENT**

**(By Plaintiff against Defendants SERGEANT LOPEZ, OFFICER ADRIAN JESUS RODRIGUEZ (#43774), and SERGEANT ROLAND WARD (#30923))**

55.     Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56.     The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees, the defendant OFFICERS are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, Defendant CITY is liable for injuries caused by the acts or omissions of its employees, agents, and/or officers committed within the course and scope of their employment.

57.     Defendants LOPEZ, RODRIGUEZ, and WARD wrongfully arrested and imprisoned GONZALEZ without a warrant and without probable cause otherwise.

58.     Under the totality of the circumstances, no probable cause existed for the arrest because GONZALEZ had not caused any impediment to Defendants LOPEZ, RODRIGUEZ, and WARD in the exercise of his First Amendment rights. Any impediment so claimed was of the defendant OFFICERS' own creation and totally unnecessary. Likewise, GONZALEZ had neither obstructed traffic nor created any danger by his conduct.

59.     Indeed, the pretextual offenses trumped up by Defendants LOPEZ, RODRIGUEZ, and WARD were dismissed or never pursued on account of their baselessness. The only adequate explanation available for the choice to arrest and imprison GONZALEZ is that the defendant OFFICERS intended to interrupt and deter the exercise

COMPLAINT FOR DAMAGES

**EXHIBIT 1 - PAGE 23**

1    of his right to film them, in disdain or embarrassment of their own negligence and/or

2    incompetence.

3          60.    The unconstitutional conduct of Defendants LOPEZ, RODRIGUEZ, and

4    WARD substantially caused GONZALEZ to suffer severe psychological and emotional

5    distress and reputational harm.

6          61.    Further, Defendants' acted with willful and conscious disregard for the rights

7    and wellbeing of GONZALEZ and the public, subjected GONZALEZ to cruel and unjust

8    hardship in retaliation for his exercise of those rights, and intended to misrepresent and/or

9    conceal their own misconduct by doing so. Therefore, Defendants' actions were malicious,

10   oppressive, and fraudulent, entitling GONZALEZ to recover punitive damages under in

11   addition to compensation for his physical, psychological, and emotional pain and suffering,

12   in order to punish and make example of Defendants' despicable conduct.

13                          **SIXTH CAUSE OF ACTION**

14                             **FOR NEGLIGENCE**

15   **(By Plaintiff against Defendants SERGEANT LOPEZ, OFFICER ADRIAN JESUS**

16         **RODRIGUEZ (#43774), and SERGEANT ROLAND WARD (#30923))**

17         62.    Plaintiff realleges and incorporates by reference each of the forgoing

18   paragraphs of this Complaint with the same force and effect as if fully set forth herein.

19         63.    The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and

20   820. Under Section 820 of the Government Code, as public employees, the defendant

21   OFFICERS are liable for injuries caused by their acts or omissions to the same extent as

22   private persons. Under Section 815.2 of the Government Code, Defendant CITY is liable for

23   injuries caused by the acts or omissions of its employees, agents, and/or officers committed

24   within the course and scope of their employment.

25         64.    As peace officers, Defendants LOPEZ, RODRIGUEZ, and WARD undertake

26   the particular duties of upholding the law and to respect, if not defend, the Constitution of

27   the United States.

28   ///

COMPLAINT FOR DAMAGES
**EXHIBIT 1 - PAGE 24**

65.     Defendants LOPEZ, RODRIGUEZ, and WARD breached this duty when they intentionally and unlawfully arrested GONZALEZ in spite of his rights to document matters of public interest, and to be free from unreasonable seizure and malicious prosecution, under the First and Fourth Amendments to the United States Constitution, respectively, among other violations.

66.     As a direct and proximate result of his unlawful arrest, Defendants LOPEZ, RODRIGUEZ, and WARD substantially caused GONZALEZ to suffer, then and into the present, considerable humiliation, feelings of powerlessness and victimization, disillusionment in his country and its justice system, as well as hopelessness and despair as to the future of life in our society, among other harms.

67.     Further, Defendants' acted with willful and conscious disregard for the rights and wellbeing of GONZALEZ and the public, subjected GONZALEZ to cruel and unjust hardship in retaliation for his exercise of those rights, and intended to misrepresent and/or conceal their own misconduct by doing so. Therefore, Defendants' actions were malicious, oppressive, and fraudulent, entitling GONZALEZ to recover punitive damages under in addition to compensation for his physical, psychological, and emotional pain and suffering, in order to punish and make example of Defendants' despicable conduct.

## SEVENTH CAUSE OF ACTION
### FOR VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT
### (Cal. Civ. Code § 52.1)
### (By Plaintiff against Defendants SERGEANT LOPEZ, OFFICER ADRIAN JESUS RODRIGUEZ (#43774), and SERGEANT ROLAND WARD (#30923))

68.     Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69.     The present cause of action is brought pursuant to Cal. Civ. Code § 52.1 and Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees, the defendant OFFICERS are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code,

1  Defendant CITY is liable for injuries caused by the acts or omissions of its employees, agents,

2  and/or officers committed within the course and scope of their employment.

3       70.    Civil Code § 52.1(b) authorizes a private right of action for damages to any

4  person whose constitutional rights are violated by use of threats, intimidation, or coercion.

5  Importantly, "a successful claim for excessive force under the Fourth Amendment provides

6  the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096,

7  1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he

8  elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v.*

9  *Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied

10  by unnecessary, deliberate, and excessive force—is [] within the protection of the Bane Act").

11       71.    Defendants LOPEZ, RODRIGUEZ, and WARD specifically intended to

12  interfere, by threat, intimidation, and coercion, with GONZALEZ's exercise and enjoyment

13  of civil rights guaranteed under the laws and Constitutions of the United States and the

14  State of California, including, but not limited to, interference with his rights to be secure in

15  his person and free from unreasonable harassment or seizure without reasonable suspicion

16  and probable cause, his right of protection from bodily restraint and harm, and his right to

17  film the police in the public performance of their duties.

18       72.    No other basis for the arrest and imprisonment of GONZALEZ exists, as he

19  had not impeded the defendant OFFICERS in the performance of their duties, obstructed

20  traffic by filming them, nor posed any danger to others by his conduct.

21       73.    Defendants LOPEZ, RODRIGUEZ, and WARD intimidated and threatened

22  GONZALEZ with arrest, causing GONZALEZ to reasonably believe that they would act

23  violently against him and/or his property if he continued to exercise his First Amendment

24  rights. Further, each of the defendant OFFICERS had the apparent ability to carry out these

25  threats and, in fact, did unlawfully arrest GONZALEZ and seize his phone when he

26  persisted in the exercise of his First Amendment rights.

27  ///

28  ///

COMPLAINT FOR DAMAGES
**EXHIBIT 1 - PAGE 26**

74.    The defendant OFFICERS' interference with GONZALEZ's exercise and enjoyment of his First Amendment rights, among others, substantially caused GONZALEZ to suffer severe mental and emotional distress and reputational harm as a result.

75.    Further, Defendants' acted with willful and conscious disregard for the rights and wellbeing of GONZALEZ and the public, subjected GONZALEZ to cruel and unjust hardship in retaliation for his exercise of those rights, and intended to misrepresent and/or conceal their own misconduct by doing so. Therefore, Defendants' actions were malicious, oppressive, and fraudulent, entitling GONZALEZ to recover punitive damages under in addition to compensation for his physical, psychological, and emotional pain and suffering, in order to punish and make example of Defendants' despicable conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A.  For compensatory damages including but not limited to Plaintiff's emotional pain and suffering and reputational harm, in an amount according to proof at trial;

B.  For punitive damages against the individual defendants in an amount to be proven at trial;

C.  For interest;

D.  For the reasonable costs of this suit and attorneys' fees, in an amount to be proven according to proof at trial, under 42 U.S.C. § 1988 and/or Cal. Civ. Code § 52.1;

E.  For penalties and other remedies allowable under Civil Code § 52;

F.  For all other damages allowed under state and federal law, and;

G.  For such further relief as the Court may deem appropriate, proper, and just.

Dated: December 19, 2022        **THE LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: _Christian Contreras_
Christian Contreras, Esq.
Attorney for Plaintiff,
GONZÁLO GONZALEZ

COMPLAINT FOR DAMAGES
**EXHIBIT 1 - PAGE 27**

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial by jury on all claims for relief alleged herein.

3    Dated: December 19, 2022          THE LAW OFFICES OF CHRISTIAN CONTRERAS

4                                      A PROFESSIONAL LAW CORPORATION

5

6                                      By: _____

7                                          Christian Contreras, Esq.
                                           Attorney for Plaintiff,
8                                          GONZALO GONZALEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
**EXHIBIT 1 - PAGE 28**